UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X

Michael Graziuso, as Owner of the 1995          ORDER
50' Viking Convertible MIKIE G, Hull
Indentification Number VKY50634J495,            CV 04-3873 (JBW)(MDG)
for Exoneration from or Limitation of
Liability,

              and

Joseph N. Cunningham, Jr., as Owner of
the 1996 50' Viking sports Fisherman
SWAMP FOX, Hull Identification Number           CV 04-4111
VKU50656A696, for Exoneration from or
Limitation of Liability.


- - - - - - - - - - - - - - - - - - X

    By letter dated August 19, 2005, Allen Sheridan, counsel for

Dr. Joseph Cunningham seeks reconsideration of an endorsed order

filed electronically on August 19, 2005 in which this Court

granted the request of new counsel for Michael Graziuso for an

extension of the expert discovery schedule.  Dr. Cunningham

argues that the previous discovery schedules required

simultaneous exchange of expert reports and that Mr. Graziuso has

gained an unfair advantage with the extension, since Dr.

Cunningham had timely served his expert disclosures.


DISCUSSION

    In Wolak v. Spucci, 217 F.3d 157 (2d Cir. 2000), the Second

Circuit set forth four factors a trial court must consider in

evaluating a party's request made after the close of discovery to

introduce an expert witness at trial.  These factors are:  (1)

the party's explanation for the failure to comply with the

discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party; and (4) the possibility of a continuance. Wolak, 217 F.3d at 161 (citing Sofitel, Inc. v. Dragon Medican and Scientific Communications, Inc., 118 F.3d 955, 961 (2d Cir. 1997), cert. denied, 523 U.S. 1020 (1998)).

The first factor weighs in favor of Dr. Cunningham. since Mr. Graziuso had the obligation to comply with the original August 5th deadline, set irrespective of the change in counsel approved by this Court two weeks after the deadline. The expert schedule was most recently extended on June 24, 2005 to enable the parties' experts to consider any new information obtained from additional fact discovery. Mr. Graziuso's prior counsel presumably already had retained an expert to meet the extended deadline of August 5th and should have been able to assure compliance with that deadline.

Next, the Court finds that expert testimony is critical since this case turns on how the fire that damaged the vessels of the two main litigants originated. The prejudice to Mr. Graziuso would be substantial if he were deprived of his right to present an expert.

To be sure, had counsel for Mr. Graziuso promptly advised his adversaries that the case would be reassigned and that Mr. Graziuso would not be able to serve his expert report by the August 5th deadline set, any concern of unfair advantage would not have arisen. However, notwithstanding Mr. Sheridan's complaint that Mr. Graziuso would have an unfair advantage, this

Court finds that any prejudice, if any, would minimal. The issue of causation to be addressed by the experts in this case is based primarily on an inspection and on the same facts elicited through fact discovery that has only been recently completed. Compare Sofitel, 118 F.3d 955 (prejudice in having had to proceed through discovery without the plaintiffs' expert report where the defendant faced a completely new theory of liability with the contemplated expert testimony). The opinions of Dr. Cunningham's expert would remain the same had reports been exchanged on the same date.

Even though Mr. Graziuso's expert will be preparing an expert report after receipt of the report of Dr. Cunningham's expert, Dr. Cunningham's expert will still have an opportunity to respond. In this regard, one aspect of the prior order is modified to reflect the fact that Mr. Graziuso's expert will have the report of Dr. Cunningham's expert when preparing an expert report. Thus, the October 3rd deadline for rebuttal expert reports previously set is limited to the rebuttal report of Dr. Cunningham's expert.

Finally, as no trial has been set, the fourth factor weighs in favor of an extension.

In sum, all the relevant factors but one weigh in favor of an extension.

<u>CONCLUSION</u>

The request for reconsideration of the prior order extending the time for expert discovery is denied, but only Dr. Cunningham

shall have the right to serve a rebuttal expert report by the deadline set.

**SO ORDERED.**

Dated:     Brooklyn, New York
           August 26, 2005

                              /s/_____
                              MARILYN D. GO
                              UNITED STATES MAGISTRATE JUDGE